IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONOVAN ANDRE GALLOWAY,
     Petitioner,

vs.                             Case No.:  3:13cv63/LAC/EMT

SECRETARY, DEPARTMENT OF CORRECTIONS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

     This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 12).  Petitioner filed a response in opposition to the motion (doc. 17).

     The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

     The procedural background of this case is established by the state court record (doc. 12).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2006-CF-

_____

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 12) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

2479, with three counts of sexual battery (victim less than 12 years) and two counts of lewd and lascivious molestation (offender 18 years of age or older, victim less than 12) (Ex. C at 2–3). On December 12, 2006, Petitioner entered a plea of nolo contendere to three counts of attempted sexual battery and two counts of attempted lewd and lascivious molestation (*id.* at 78–100, 107–11). On January 31, 2007, the court sentenced Petitioner to a term of twenty-two (22) years of imprisonment on each of the attempted sexual battery counts, and a term of fifteen (15) years of imprisonment on each of the attempted lewd and lascivious molestation counts, all counts to run concurrently and with pre-sentence jail credit of one (1) day (*id.* at 151–77, 185–92). Petitioner filed a pro se motion to withdraw his plea; however, the court struck the motion as unauthorized, because Petitioner was represented by counsel when he filed it (*id.* at 195–97, 207–08).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-1432 (Ex. B, Ex. C at 200). The First DCA issued an order directing Petitioner to show cause why the appeal should not be dismissed as untimely (Ex. D). Petitioner's counsel filed a response (Ex. E). The First DCA dismissed the appeal on April 20, 2007, with the mandate issuing May 8, 2007 (Exs. F, G). <u>Galloway v. State</u>, 954 So. 2d 1159 (Fla. 1st DCA 2007) (Table).

On October 29, 2009, Petitioner, though counsel, filed a belated motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. H). On January 13, 2010, the state circuit court struck the motion as facially insufficient due to an improper oath, with leave to file an amended motion within thirty (30) days (Ex. J). Counsel filed an amended motion on February 25, 2010 (Ex. L at 1–4). The circuit court summarily denied it (*id.* at 5–8). Petitioner appealed the decision to the First DCA, Case No. 1D10-3804 (Ex. K). The First DCA affirmed the decision per curiam without written opinion on September 29, 2010, with the mandate issuing October 15, 2010 (Exs. M, N). <u>Galloway v. State</u>, 45 So. 3d 464 (Fla. 1st DCA 2010) (Table).

On February 25, 2011, Petitioner filed a pro se "Motion to Vacate or Set Aside Plea and Motion for Extension of Time to Withdraw Plea," pursuant to Rules 3.050, 3.850, and 3.170 of the Florida Rules of Criminal Procedure (Ex. P at 1–33). The circuit court dismissed the motion as untimely and successive (*id.* at 115–17). Petitioner appealed the decision to the First DCA, Case No. 1D11-5524 (Exs. O, Q). The First DCA affirmed the decision per curiam without written opinion on

March 26, 2012, with the mandate issuing April 27, 2012 (Exs. S, T). <u>Galloway v. State</u>, 84 So. 3d

313 (Fla. 1st DCA 2012) (Table).

On May 7, 2012, Petitioner filed a pro se motion to correct illegal sentence, pursuant to Rule

3.800(a) of the Florida Rules of Criminal Procedure (Ex. V at 1–7). The state circuit court summarily

denied the motion on August 8, 2012 (*id.* at 28–31). Petitioner appealed the decision to the First

DCA, Case No. 1D12-4041 (Exs. U, W). The First DCA affirmed the decision per curiam without

written opinion on November 27, 2012, with the mandate issuing December 27, 2012 (Exs. Y, Z).

<u>Galloway v. State</u>, 103 So. 3d 147 (Fla. 1st DCA 2012) (Table).

Petitioner filed the instant habeas action on February 6, 2013 (doc. 1 at 1, 23).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which

became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas

petition by a person in custody pursuant to a state court judgment. The limitation period runs from the

latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the applicant
> was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this

case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion

of direct review or the expiration of the time for seeking such review (doc. 12 at 4–5). Respondent

contends that assuming arguendo that Petitioner could seek review of the First DCA's dismissal of his

appeal in the United States Supreme Court, his conviction became final ninety (90) days from the date of the First DCA's order of dismissal (*id.*). That date is July 20, 2007.[2]

Petitioner argues the applicable statutory trigger for the limitations period is § 2244(d)(1)(D) (doc. 17 at 4–5). He alleges he could not have discovered the ineffective assistance of trial counsel claims asserted in Ground Two prior to December 30, 2010, the date he received his "court records" from his post-conviction counsel and consulted with a prison certified law clerk (doc. 1 at 8, 15, 18; doc. 17 at 4).[3] Upon review of the claims asserted in Ground Two of Petitioner's § 2254 petition, the undersigned concludes that the factual basis for each claim was discoverable by Petitioner, with the exercise of due diligence, by the time his conviction became final on July 20, 2007.[4] Although Petitioner may not have learned the legal significance, if any, of those facts prior to receiving his court records and consulting with a prison law clerk, that is not the standard provided in § 2255(d)(1)(D). Because Petitioner failed to show that he could not have discovered the factual predicate of his claims prior to the date his conviction became final, the undersigned concludes the appropriate trigger for the federal limitations period is the finality trigger, § 2244(d)(1)(A).

Applying the finality trigger of § 2244(d)(1)(A), the statute of limitations began to run on July 21, 2007, the day after the 90-day period for Petitioner to seek certiorari review in the Supreme Court

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90-day period expired on July 20, 2007.

[3] In Petitioner's petition and reply, he states three different dates he received his court records from his post-conviction counsel, December 10, December 20, and December 30 of 2010 (doc. 1 at 8, 15, 18; doc. 17 at 4). The court will give Petitioner the benefit of the latest date.

[4] In Ground Two, Petitioner claims his trial counsel misrepresented the strength of the State's case against him, failed to advise him of potential viable defenses, including an alibi defense, and misadvised him that if he went to trial and lost, he would be sentenced to a term of mandatory life imprisonment (doc. 1 at 8–14, 17). He also alleges counsel failed to advise him of certain rights, including the right to a pre-trial hearing regarding the admissibility of his confession, the right to certain jury instructions, the right to request a statement of particulars, the right to challenge defects in the amended information, and the possibility of a "jury pardon" by convicting him of a lesser offense (*id.* at 14–16). Petitioner additionally alleges counsel failed to advise him of certain matters relating to the Criminal Punishment Code score sheet, including his right to contest the assessment of victim injury points and the "severity level" scoring of his offenses (*id.* at 18–20). He also contends counsel performed ineffectively by failing to advise him of certain collateral consequences of entering a plea, including that he would be subject to release on conditional release supervision, and he would be subject to involuntary civil commitment under the Jimmy Ryce Act (*id.* at 20–21).

expired (assuming purely for the sake of argument that Petitioner could have sought certiorari review of the First DCA's dismissal of his appeal). *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until July 21, 2008, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Petitioner filed his first application for state post-conviction relief on October 29, 2009. However, neither that motion nor any of his other post-conviction motions tolled the federal limitations period, because the limitations period had already expired on July 21, 2008. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, statutory tolling does not save Petitioner's federal petition from dismissal.[5]

Petitioner contends he is entitled to equitable tolling of the limitations period based upon "egregious misconduct" by his post-conviction counsel, Mr. Swiatek (doc. 17 at 7). He alleges he retained Mr. Swiatek on February 26, 2007, to file a Rule 3.850 motion in state court (*id.* at 2). Petitioner alleges Mr. Swiatek failed to follow his instruction to file the Rule 3.850 motion within one

---

[5] Even if the court accepted Petitioner's argument that the federal limitations period was not triggered until December 30, 2010, his federal petition would still be untimely. The limitations period would have expired one year later, on December 30, 2011, without the benefit of statutory tolling. The only state post-conviction application filed during that time was Petitioner's second Rule 3.850 motion. However, the state court dismissed it as untimely; therefore, it was not "properly filed." *See* Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Therefore, the federal limitations period would have run uninterrupted for one year.

year of his conviction and "miscalendered" the deadline for May 9, 2010, instead of May 9, 2009 (*id.*). Petitioner also alleges Mr. Swiatek misadvised him that attorney negligence was grounds for tolling of the federal limitations period, failed to assert the claim Petitioner instructed him to assert in the Rule 3.850 motion, failed to communicate with him, and failed to return his papers after numerous requests (doc. 17).

Section 2244(d) is subject to equitable tolling. *See* Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir 2011). Equitable tolling is a rare and extraordinary remedy. *See* San Martin, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562–63 (citation and internal quotation marks omitted). The extraordinary circumstances must be circumstances beyond the petitioner's control. *See* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See* San Martin, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted).

The Supreme Court has rejected the contention that counsel's mistake in miscalculating the federal limitations period entitles a petitioner to equitable tolling. *See* Lawrence v. Florida, 549 U.S. 327, 336–37, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007). Specifically, the Court has held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Id.*

In Holland, the Supreme Court, while reiterating that mere attorney negligence does not warrant equitable tolling, nevertheless held that an attorney's serious misconduct may warrant such tolling. 130 S. Ct. at 2564–65. The defendant in Holland filed a pro se federal habeas petition after the filing deadline had already passed, but he contended that the statute of limitations should have been equitably tolled. *Id.* at 2554–55. In support, he alleged that, during the two years while his state habeas petition was pending before the Florida Supreme Court, his attorney, Mr. Collins, communicated with him only three times, and each time only by letter. *Id.* at 2555. During this time, Mr. Collins never met with him or updated him on the status of his case. *Id.* After Collins argued

Holland's appeal before the state supreme court, Holland wrote him multiple letters regarding the importance of filing his federal habeas petition timely. *Id.* at 2556. Despite Holland's attempts to communicate, Mr. Collins ultimately missed the filing deadline for his federal habeas petition. *Id.* at 2556–57. Once Holland learned—in the prison library, not from his attorney—that the Florida Supreme Court had already decided his case and the federal filing deadline had passed, he immediately filed his own pro se federal habeas petition. *Id.* at 2557.

While the Supreme Court reiterated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," it concluded that Holland had not presented such a "garden variety claim." 130 S. Ct. at 2564 (internal quotation marks omitted). Rather, the facts of Holland's case presented "far more serious instances of attorney misconduct." *Id.* The Court found that, while Mr. Collins' failure to timely file Holland's federal habeas petition and his apparent unawareness of the filing deadline date suggested simple negligence, that did not mark the end of Collins' failures:

> Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

130 S. Ct. at 2564. Thus, the Court concluded under the circumstances, Mr. Collins' misconduct may have constituted extraordinary circumstances warranting equitable tolling and remanded the case for such a determination. *Id.* at 2565.

Unlike the circumstances in <u>Holland</u>, the allegations in this case do not suggest attorney misconduct. Petitioner contends Mr. Swiatek was "disloyal" by failing to raise the specific claim Petitioner instructed him to raise in his Rule 3.850 motion (doc. 17 at 2–4). Petitioner states he instructed counsel to assert a challenge to his plea on the ground that trial counsel misadvised him that he would not be subject to involuntary civil commitment under Florida Statutes § 394.910. However, the record demonstrates that this was the exact claim asserted by Mr. Swiatek in Petitioner's first Rule

3.850 motion (Ex. L at 3). Therefore, Petitioner's late federal filing is not excused by Mr. Swiatek's alleged "disloyalty" in this regard.

Additionally, Swiatek's "miscalendering" of the due date for Petitioner's Rule 3.850 motion is "garden variety" attorney negligence. Although Petitioner additionally alleges he and his father made numerous phone calls to Swiatek requesting return of Petitioner's state court records, and Swiatek failed to return the phone calls or the records, and Petitioner alleges Swiatek failed to communicate with him throughout his representation (doc. 17 at 3, 6), Petitioner's allegations fail to show that scope of Swiatek's representation, and the timing and content of Petitioner's and his father's attempts to communicate with Swiatek were similar to the circumstances alleged in Holland, or otherwise sufficient to satisfy the diligence and causation elements of the equitable tolling standard.

Petitioner does not argue he is entitled to review of his claims through any other recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.       That Respondent's motion to dismiss (doc. 12) be **GRANTED**.

2.       That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.       That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>18</u><sup>th</sup> day of November 2013.


/s/ *Elizabeth M. Timothy*          
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**